CLARK *v.* STATE.

[69 South. 497.]

1. EMBEZZLEMENT. *Evidence. Sufficiency.*
   Where a bank cashier was charged with embezzling the funds of the bank, and the evidence showed that the funds were under the joint control and custody, of the cashier and another at the time of the misappropriation but failed to show which of the two had misappropriated them and the cashier testified that he did not, he cannot be convicted.

2. SAME.
   In such case where the evidence showed that the cashier discounted certain notes, which were not shown to be worthless and placed the proceeds to his wife's credit, but it was not shown that any money was withdrawn from the bank by reason of such transaction, he could not be convicted of embezzlement.

109 Miss.—47

APPEAL from the circuit court of Claiborne county. HON. E. L. BRIEN, Judge.

John M. Clark was convicted of embezzlement and appeals.

Appellant was indicted, tried, and convicted of embezzling funds belonging to the Bank of Hermanville, of which he had been cashier. On the trial he prayed a bill of particulars from the state, which was furnished him; but it is necessary that only two of the items be mentioned. First, cash shortage of March 4, 1914; second, certain notes of Ovelton, Rodgers, and Coleman, the proceeds of which the state claimed went to Clark. The evidence showed, as to the first item, that both Clark and one Graddick were in control of the cash during the time mentioned. It was not shown by the state, which, if either, of the two, embezzled the cash. The evidence as to the second item was that Ovelton, Coleman and Rodgers had purchased as trustees a tract of land from E. W. Hayes, and previously incumbered to the wife of the appellant to secure a debt due her deceased father, from whom she inherited. These notes were delivered to appellant, and he, in turn, placed them in the bank and obtained the cash on them, carrying the notes as bills receivable in the bank's portfolio. One of the notes falling due, and the makers not paying same, appellant paid it himself. Later, needing money, which he could not obtain from the Bank of Hermanville, appellant placed same, with other paper, with the Port Gibson Bank. Failing to pay the debt to that bank, the deed of trust securing the Hayes notes was foreclosed, and appellant purchased same. The property was then resold, and the proceeds thereof went to both the Port Gibson Bank and the Bank of Hermanville; but the application was not made to the Ovelton, Hayes, and Rodgers notes, but to some other debt which Clark owed the Bank of Hermanville.

*J. T. Drake, J. McC. Martin* and *R. B. Anderson,* for appellant.

*Ross A. Collins,* Attorney-General, for the state.

SMITH, C. J., delivered the opinion of the court.

The instructions requested by appellant were to the effect that the crime of embezzlement was not proven with reference to the cash shortage of $250 on March 4, 1912, and the discounting of the Ovelton, Rodgers, and Coleman notes.

With reference to the shortage in the cash, the evidence, construed most strongly for the state, simply shows that when it occurred the bank's cash was in the joint custody and control of appellant and Graddick; there being no evidence whatever to indicate which, if either, of them misappropriated it, except that of appellant himself, which was to the effect that he did not.

The evidence with reference to the Ovelton, Rodgers and Coleman notes is defective in the following particulars: First, it does not appear that any money was withdrawn from the bank by reason of the discounting of these notes; second, conceding, for the sake of argument, that this was shown, it does not appear that the money so withdrawn was converted to appellant's own use, the evidence, in so far as these two points are concerned, simply being to the effect that appellant's wife was credited with the amount of the notes; third, the notes were not shown to be worthless when discounted, for the reason that no evidence was introduced tending to show the financial condition of the makers and indorsers thereof.

*Reversed and remanded.*